**FILED - GR**
March 13, 2023 1:51 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: KB 3/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU AYINLA JAIYEOLA,

    Plaintiff,

v.

RIVIAN AUTOMOTIVE, LLC,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

COMPLAINT

**1:23-cv-263**

**Jane M. Beckering**
**U.S. District Judge**

JURY TRIAL DEMANDED

### INTRODUCTION AND NATURE OF THE ACTION

1. Plaintiff is a pro se. "For a pro se plaintiff, the Court is obligated to look at the substance of the allegations and overlook formal failures. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers")…; cf. FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.")." *Otworth v. PNC Bank*, No. 1:18-cv-00625, ECF No. 27 (W.D. Mich. Jan. 15, 2019). "Pro se pleadings must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A pro se litigant in a civil rights suit must have an opportunity to amend a complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *Eldrige v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987)." *Sylvester v. State*, No. 14-cv-05595 (N.D. Cal. May. 14, 2015).

2. Plaintiff Ganiyu Ayinla Jaiyeola ("Jaiyeola") is Black, his national origin is Nigerian, and he is a naturalized citizen of the United States.

-1-

3.      Jaiyeola alleges Defendant Rivian Automotive, LLC ("Rivian"), by failing to hire Jaiyeola violated Jaiyeola's rights based on Race, Skin Color, and National Origin.

4.      This Complaint is based on the following laws: The State of Michigan's Elliott-Larsen Civil Rights Act No 453, Public Act of 1976 ("ELCRA"), as amended, and Title VII, US Civil Rights Act of 1964, as amended. Rivian is also liable for discrimination under Section 703(a) of Title VII because the fact that Jaiyeola was not hired by Rivian was based on the influence of Rivian employees with a discriminatory motive (Subordinate Bias Liability - "cat's paw" theory of liability)[1] and a Supervisor with a discriminatory motive.

5.      Jaiyeola has the following educational qualifications: 1.) A 1979 B.Sc. in Chemistry (Biochemistry Minor) from the University of Ibadan, Nigeria; 2.) A 1985 Masters in Inorganic Chemistry (Bioinorganic) from the University of Ibadan, Nigeria; 3.) A 1991 Masters in Inorganic Chemistry (Solid State Inorganic) from the University of Connecticut, Storrs; 4.) A 1995 Ph.D. in Materials Science from the University of Connecticut, Storrs; and 5.) A 2001 Masters in Business Administration (Major: Organization and Management, Minor: Marketing) from Syracuse University, Syracuse, New York. Since 1995, Jaiyeola has had extensive work experience in Materials Engineer positions with many companies including Element Materials Technology, Stryker, Boeing, Honeywell, Federal-Mogul, and Carrier Corporation.

6.      Jaiyeola applied for the "Materials Engineer - Corrosion" position (Exhibit A) at Rivian on April 27, 2020. Jaiyeola applied with his resume and cover letter. Jaiyeola's resume and cover letter indicated extensive Materials Engineering experience in the area of Corrosion. Exhibit B.

---

[1] See
*Equal Employment Opportunity Commission v. BCI Coca-Cola Bottling Company of Los Angeles*, 450 F. 3d 476 (10th Cir. 2006)

7.      Jaiyeola was qualified for the position of "Materials Engineer - Corrosion" at Rivian.

8.      After Jaiyeola applied for the position of "Materials Engineer - Corrosion" at Rivian, Mr. Jonathan Van Reenen (Rivian Technical Recruiter) sent Jaiyeola an email reply on April 27, 2020, stating "I received your application for one of our opportunities here at Rivian and thought you had an awesome background. I'd be happy to give you more information about the role, as well as answer any questions you may have about us.". Exhibit C.

9.      Van Reenen phone interviewed Jaiyeola on April 29, 2020 and he told Jaiyeola he was moving Jaiyeola's application forward in the hiring process.

10.     On May 26, 2020, Mr. Terry Ferrier (Rivian Sr. Technical Recruiter) sent Jaiyeola an email stating "The hiring manager would like to conduct a phone interview with you to talk more about your technical and Rivian fit for her Materials Engineering roles.". Exhibit D.

11.     On June 1, 2020, Dr. Xiaoling Jin (Rivian Hiring Manager) phone interviewed Jaiyeola and remarked that Jaiyeola had highly pertinent qualifications and experience for the "Materials Engineer - Corrosion" job. Jin raised no concern about Jaiyeola's qualifications or experience.

12.     On June 4, 2020, Ferrier phone interviewed Jaiyeola.

13.     On June 8, 2020, Jaiyeola received an email from Ferrier stating "I talked to the hiring manager and he would like to invite you to a Zoom (Video Conference) onsite interview with this Rivian hiring team.". Exhibit E.

14.     On June 18, 2020, Jaiyeola did a Zoom interview with a Rivian Hiring Team: Terry Ferrier (Senior Technical Recruiter - White), Geoffrey London (Durability Development

Engineer – African American), Xiaoling Jin (Lead Materials Engineer and Hiring Manager – Asian (Chinese)), John Proulx (Senior Validations Engineer - White), Sravani Pappu (Materials Engineer – Asian (Indian)), Shannon Wells (Materials Engineer - White), and Kosta Papanikolaou (Body Engineering Technical Leader - White).

15.    During the Zoom interview of Jaiyeola on June 18, 2020, Jin (Hiring Manager) raised no concern about Jaiyeola's qualifications or experience during the interview. Jin again remarked that Jaiyeola had highly pertinent qualifications and experience for the "Materials Engineer - Corrosion" job. Also, Jin wanted to know what other areas of Science and Engineering that Jaiyeola could contribute to at Rivian, because, according to her, Rivian had few people and there were many challenges in Engineering. The net result was that Rivian Engineering employees were playing more roles other than their expert areas. Jaiyeola answered that his expertise in the areas of Chemistry would come handy and useful to Rivian.

16.    Pappu made herself invisible at the start, during, and throughout the Zoom interview with Jaiyeola. Jaiyeola raised the issue of her invisibility on Zoom with her at the beginning of the Zoom interview and she replied "you don't want to see me" and her monitor remained dark throughout the interview. Jaiyeola was extremely stressed during Pappu's Zoom interview because Pappu did not make herself visible. Wells and Pappu Zoom interviewed Jaiyeola together; they showed in separate Zoom windows. Wells made herself visible throughout the interview.

17.    When Pappu was interviewing Jaiyeola on June 18, 2020, a red icon was blinking on Pappu's dark screen; which suggested that the Zoom interview was being recorded. Jaiyeola was not informed that his interview would be recorded by any interviewer.

-4-

18.     When Proulx interviewed Jaiyeola, he told Jaiyeola that he made Rivian to hire Jin (Hiring Manager). Proulx volunteered the information. Jaiyeola took that comment to mean that Proulx wanted Jaiyeola to know that he had influence on Jin's hiring decision.

19.     When Papanikolaou interviewed Jaiyeola, he told Jaiyeola that some people felt Corrosion Engineers just like to feel important but they are not really needed. Those comments gave Jaiyeola emotional stress during Papanikolaou's Zoom interview. Upon information and belief, Papanikolaou was Jin's boss. Papanikolaou's comment indicated bias against Jaiyeola.

20.     On June 24, 2020, Ferrier informed Jaiyeola during a phone call that Rivian decided not to hire Jaiyeola for the "Materials Engineer - Corrosion" position that he applied and interviewed for.

21.     After Jaiyeola was denied employment on June 24, 2020, Rivian continued to advertise essentially the "Materials Engineer - Corrosion" position on October 3, 2020; October 14, 2020; October 30, 2020; December 11, 2020; and February 15, 2021. Jaiyeola applied again on October 3, 2020 and October 14, 2020. Exhibit F.

22.     On July 27, 2020, Jaiyeola filed a Complaint with Rivian. Jaiyeola provided relevant documents to Rivian for an investigation that Rivian said it would do. However, Jaiyeola declined to be interviewed for the Rivian investigation because of Rivian's "refusal to consent to the recording of the meeting or the provision of a written transcript". Exhibit G.

23.     On August 17, 2020, Jaiyeola formally filed a dual Complaint with the Michigan Department of Civil Rights ("MDCR") and the U.S. Equal Employment Opportunity Commission ("EEOC"). Exhibit H.

24.    On January 5, 2022, MDCR issued its "NOTICE OF DISPOSITION AND ORDER OF DISMISSAL"; in which it stated (in part): "Based upon all the evidence in the file...the department determined that there is insufficient evidence to proceed.". Exhibit I.

25.    On April 12, 2022, the EEOC issued Jaiyeola a "NOTICE OF RIGHT TO SUE". Exhibit J.

26.    Jaiyeola was a resident of Grand Rapids, Kent County, in the State of Michigan, when he applied for the "Materials Engineer - Corrosion" position at Rivian on April 27, 2020. Plaintiff is now a resident of Cupertino, Santa Clara County, in the State of California.

27.    Defendant, RIVIAN AUTOMOTIVE, LLC, is a Foreign Limited Liability Company incorporated under the laws of the State of Delaware, with registered agent "The Corporation Company"; whose address is CT Corporation, 40600 Ann Arbor Road East, Suite 201, Plymouth, Michigan 48170.

28.    When Jaiyeola applied for the position of "Materials Engineer - Corrosion" at Rivian, Rivian was conducting business in the State of Michigan at 13250 North Haggerty Road, Plymouth, Michigan 48170.

29.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Jaiyeola asserts a claim under Title VII of the Civil Rights Act of 1964. The Court also has supplemental jurisdiction over the Jaiyeola's state law (ELCRA) claim under 28 U.S.C. § 1367(a) because the claims are so related that they form part of the same case or controversy. However, on February 21, 2023, the United States District Court Northern District of California (San Jose), ("N.D. Cal."), ruled as follows: A.) "Jaiyeola's Title VII claim is DISMISSED WITHOUT PREJUDICE to re-filing this action in a district where venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3).". B.) "Rivian's motion to dismiss for failure to

state a claim is GRANTED as to Jaiyeola's ELCRA claim; Jaiyeola's ELCRA claim is DIMISSED WITHOUT PREJUDICE. Plaintiff shall file an amended complaint within 21 days. No new parties or claims may be added without prior approval of the Court or stipulation by Defendant.". *Jaiyeola v. Rivian*, No. 5:22-cv-03982, Doc.# 23 (N.D. Cal. Feb. 21, 2023).

30.    On March 7, 2023, Plaintiff filed an Amended Complaint on his ELCRA claims with N.D. Cal.. *Jaiyeola v. Rivian*, No. 5:22-cv-03982, Doc.# 24 (N.D. Cal. Mar. 7, 2023).

31.    Under 42 U.S.C. § 2000e-5(f)(3), a Plaintiff may bring a Title VII action in: "…Any judicial district in the State in which the unlawful employment practice is alleged to have been committed". Therefore, venue is proper for the Title VII action in the United States District Court for the Western District of Michigan, Grand Rapids, Michigan ("W.D. Mich.") pursuant to 28 U.S.C. § 1391 because the failure-to-hire employment discrimination occurred in the State of Michigan.

**COUNT I**

**Failure to Hire Employment Discrimination**

**Race, Color, and National Origin Discrimination**

**Violation of Title VII of the Civil Rights Act of 1964 - 42 U.S.C. §2000e, *et seq.*, and**

**Section 703(a) of Title VII**

32.    Jaiyeola realleges and incorporates all preceding paragraphs.

33.    **COUNT I will be litigated at this Court**.

34.     Rivian was an employer for the purposes of Title VII.

35.    Jaiyeola applied to Rivian for employment for the position of "Materials Engineer - Corrosion".

36.    Jaiyeola was interviewed over the phone and he had a video interview with the Hiring Manager and other employees of Rivian.

37.     Upon information and belief, only one (out of 7) of the Rivian employes that interviewed Jaiyeola on June 18, 2020 was Black.

38.     Rivian has discriminated against Jaiyeola in violation of Title VII by subjecting him to different treatment on the basis of his Color (Black), Race (African American) and National Origin (Nigeria). Jaiyeola has been treated differently as a result of Rivian's wrongful conduct and its policies, practices, and procedures.

39.     As a direct and proximate result of Rivian's intentional Color (Black), Race (African American) and National Origin (Nigeria) discrimination, Jaiyeola has been denied employment, denied the fair opportunity to obtain employment, and denied fair opportunities with regard to positions, compensation, and/or employment with Rivian.

40.     The adverse failure-to-hire employment action alleged above directly and proximately caused Jaiyeola to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation, embarrassment, and frustration.

41.     The Rivian employee who did not hire Jaiyeola was an agent of Rivian who was acting in the court and scope of her agency with Rivian or acted with express authority from Rivian.

42.     Rivian, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Jaiyeola's Federally protected rights. Rivian is therefore liable for punitive damages in an amount sufficient to punish Rivian and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Jaiyeola prays for judgment against Rivian on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination in violation of 42 U.S.C. §2000e, et seq.; compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees provided by 42 U.S.C. §2000e-5(k) (if Jaiyeola uses the services of an Attorney);

and for such other and further relief the Court deems just and proper.

### COUNT II
**Failure to Hire Employment Discrimination**
**Race, Color, and National Origin Discrimination**
**Violation of Michigan Elliott-Larsen Civil Rights Act**

43.    Jaiyeola realleges and incorporates all preceding paragraphs.

44.    **COUNT II is currently being litigated at the United States District Court Northern District of California (San Jose).**

45.    Rivian is an employer in the State of Michigan for the purposes of ELCRA.

46.    ELCRA prohibits discrimination in employment based on color, race, national origin.

47.    The Defendant, its management, agents, and employees engaged in a pattern and practice of discrimination against the Plaintiff with respect to the terms, conditions, and privileges of employment because of his color, race and national origin, in violation of ELCRA.

48.    The acts, failures to act, practices, and policies of the Defendant constitute discrimination against the Plaintiff because of his Color, Race and National Origin, in violation of ELCRA.

49.    Jaiyeola was within the class of persons protected by ELCRA.

50.    At all times material, Jaiyeola was entitled to the rights and protections provided under ELCRA.

51.    Rivian discriminated against Jaiyeola on the basis of his Color, Race and National Origin in violation of ELCRA.

52.     Rivian, by and through its officers, employees and agents, engaged in a continuing pattern and practice of discrimination against or disparate treatment of Jaiyeola based upon Jaiyeola's Color, Race and National Origin, ultimately not hiring Jaiyeola.

53.     The materially adverse acts alleged above directly and proximately caused Jaiyeola to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation, embarrassment, and frustration.

54.     Rivian's treatment of Jaiyeola was done with malice and reckless indifference to Jaiyeola's ELCRA protected rights. Rivian is therefore liable for punitive damages in an amount sufficient to punish Rivian and to deter it and other employers from engaging in similar conduct.

55.     The Defendant knew or should have known about the discriminatory employment practices engaged in by its management, agents, and employees.

WHEREFORE, Jaiyeola prays for judgment against Rivian on Count II of his Complaint, for a finding that he has been subjected to unlawful discrimination in violation of ELCRA; compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees provided by ELCRA (if Jaiyeola uses the services of an Attorney); and for such other and further relief the Court deems just and proper.

### Demand For Jury Trial

Jaiyeola respectfully demands a trial by jury on all issues allowed by law.

-11-

Respectfully submitted,

Dated: March 7, 2023

Ganiyu A. Jaiyeola, PhD., MBA

10870 North Stelling Road, #37D

Cupertino, California 95014

616.635.4025

ganiyu.jaiyeola@gmail.com

Plaintiff pro se

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

$28.75

RDC 07

R2305M144763-06

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; July 2022; All rights reserved.

## UNITED STATES POSTAL SERVICE®

## PRIORITY MAIL EXPRESS®

EI 579 774 533 US

### CUSTOMER USE ONLY

**FROM:** (PLEASE PRINT)    PHONE ( 616 ) 635 4025

GANIYU JAIYEOLA
10870 NORTH STELLING RD., #37D
CUPERTINO, CALIFORNIA
95014

### DELIVERY OPTIONS (Customer Use Only)

☐ **SIGNATURE REQUIRED** *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**

☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT)    CLERK    PHONE ( 616 ) 456 2381

U.S. DISTRICT COURT
110 MICHIGAN ST. NW
GRAND RAPIDS, MICHIGAN

ZIP + 4® (U.S. ADDRESSES ONLY)

4 9 5 0 3

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

**← PEEL FROM THIS CORNER**

### PAYMENT BY ACCOUNT (if applicable)

| USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No. |
|---|---|
| | |

### ORIGIN (POSTAL SERVICE USE ONLY)

| | | | |
|---|---|---|---|
| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 95016 | 3/10/23 | $ 28.75 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 3/9/23 | ☐ 6:00 PM | $ | $ |

| Time Accepted | | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 9:45 | ☐ AM ☐ PM | $ | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | |

| Weight | ☐ Flat Rate | Acceptance Employee Initials | $ 28.75 |
|---|---|---|---|
| lbs.    ozs. | | | |

### DELIVERY (POSTAL SERVICE USE ONLY)

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| | ☐ AM ☐ PM | |

LABEL 11-B, MAY 2021    PSN 7690-02-000-9996

EP13F July 2022
OD: 12 1/2 x 9 1/2

10001000006

UNITED STATES POSTAL SERVICE®