UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU AYINLA JAIYEOLA,

    Plaintiff,

v.

RIVIAN AUTOMOTIVE, LLC,

    Defendant.
_____/

Case No. 1:23-cv-263

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

    Plaintiff, proceeding pro se, initiated this employment discrimination case in 2023. In March 2025, Defendant filed a Motion for Summary Judgment, which was fully briefed. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant the motion and close this case. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Defendant filed a response to the objections. For the following reasons, the Court denies the objections.

    The Magistrate Judge thoroughly considered the record and concluded that Defendant met its burden to show that there is no genuine dispute of material fact with respect to its legitimate, non-discriminatory reasons for not hiring Plaintiff and that Plaintiff, in turn, failed to show pretext with respect to any of Defendant's stated reasons (R&R, ECF No. 140 at PageID.1354, 1358).

    This Court's Local Rules require a party objecting to a magistrate judge's report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), in turn, require this

Court to perform de novo consideration of those portions of the Report and Recommendation to which objections are made.

In his objections, Plaintiff devotes several pages to restating his legal positions without referencing the Magistrate Judge's analysis, let alone identifying any factual or legal error therein (Objs., ECF No. 141 at PageID.1363–1370). Next, Plaintiff contends that this Court should reject the Report and Recommendation because the Magistrate has purportedly demonstrated "an explicit pattern of judicial bias" against him (Objs., ECF No. 141 at PageID.1370–1372).

As this Court has repeatedly and thoroughly explained in rejecting Plaintiff's requests for disqualification over the course of this case, "judicial rulings alone almost never constitute a valid basis for recusal or disqualification" because bias that requires recusal must be "extrajudicial," i.e., emanating from a source other than the judge's view of the law. *See* 5/21/2025 Amended Order, ECF No. 129 at PageID.1278–1279; 11/8/2024 Memo. Op. & Order, ECF No. 87 at PageID.885, n.1; and 9/21/2023 Memo. Op. & Order, ECF No. 44 at PageID.614, n.2. The source of Plaintiff's current contention is again the rulings in these legal proceedings and therefore fails to support disqualification.

Discerning no errors, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 141) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 140) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 125) is GRANTED for the reasons stated in the Report and Recommendation.

Dated:  February 3, 2026            /s/ Jane M. Beckering  
                                                               JANE M. BECKERING  
                                                               United States District Judge